T.C. Summary Opinion 2011-61

UNITED STATES TAX COURT

RUSSELL T. HANDY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 21287-09S.                    Filed May 18, 2011.

Russell T. Handy, pro se.

<u>Kevin W. Coy</u>, for respondent.

DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect when the petition was filed.  Pursuant to section 7463(b),
the decision to be entered is not reviewable by any other court,
and this opinion shall not be treated as precedent for any other
case.  Unless otherwise indicated, subsequent section references
are to the Internal Revenue Code in effect for the year in issue,

and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency of $3,300 in petitioner's Federal income tax for 2007. The issue for decision is whether petitioner is entitled to an alimony deduction for monthly payments he made for "family support" in 2007.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by reference. Petitioner resided in California when he filed his petition.

Petitioner and his former wife were married on May 22, 1982. Two children were born of the marriage. On April 4, 2004, petitioner and his former wife separated. Their marriage was dissolved under a judgment of dissolution on June 30, 2006. The judgment of dissolution included a stipulation for judgment (stipulation) that addressed petitioner's obligation to provide family support. Section II, paragraph 9 of the stipulation states: "Petitioner/Father shall pay as and for non-modifiable family support the amount of one-thousand one-hundred dollars ($1,100.00) per month * * *. It is the intent of the parties that Petitioner/Father enjoy tax exemption benefit for non-modifiable family support and Respondent [Mother] incur no tax

consequence". The stipulation also outlines when petitioner's payment obligations cease:

> Petitioner/Father's obligation to pay this family-support shall cease when any of the following occurs:
>
> a. When the youngest child * * * attains the age of 19, or has attained age 18 and has completed the twelfth grade, or is not a full-time high school student or is self-supporting;
>
> b. In the event that both children have died;
>
> c. When the youngest child * * * enters into a valid marriage, is on active duty with any of the armed forces of the United States of America, or receives a declaration of emancipation from a court of competent jurisdiction; or
>
> d. Further order of the Court.

During the year at issue petitioner paid $1,100 each month to his former wife.

Petitioner timely filed his 2007 Federal income tax return (return). On his return petitioner claimed a deduction of $13,200 ($1,100 a month for 12 months) for the family support he paid in 2007. Respondent disallowed petitioner's deduction.

## Discussion

### I. Burden of Proof

Generally, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a); see INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Welch v. Helvering, 290 U.S. 111, 115 (1933). The burden of proof for factual matters

may be shifted to respondent under section 7491(a).  Petitioner has not alleged that section 7491(a) applies, and the Court need not decide whether the burden should be shifted because the Court decides this case on the record, not on who has the burden of proof.

## II.  Alimony Deduction for Family Support Payments

Generally, alimony payments are taxable to the recipient and deductible by the payor.  Secs. 61(a)(8), 71(a), 215(a).  Section 215(b) defines alimony or separate maintenance as any "payment (as defined in section 71(b)) which is includible in the gross income of the recipient under section 71."

Section 71(b) provides a four-step inquiry for determining whether a cash payment is alimony:

> SEC. 71(b).  Alimony or Separate Maintenance Payments Defined.--For purposes of this section--
>
> > (1) In general.--The term "alimony or separate maintenance payment" means any payment in cash if--
> >
> > > (A) such payment is received by (or on behalf of) a spouse under a divorce or separation instrument,
> > >
> > > (B) the divorce or separation instrument does not designate such payment as a payment which is not includible in gross income * * * and not allowable as a deduction under section 215,
> > >
> > > (C) in the case of an individual legally separated from his spouse under a decree of divorce or of separate maintenance, the payee spouse and the payor spouse are not members of the same household at the time such payment is made, and

(D) there is no liability to make any such payment for any period after the death of the payee spouse and there is no liability to make any payment (in cash or property) as a substitute for such payments after the death of the payee spouse.

Payments are deductible as alimony only if all four requirements of section 71(b)(1) are met.

Section 71(c) provides that subsection (a) will not apply to the portion of any payment which the terms of the divorce or separation instrument fix (in terms of an amount of money or a part of the payment) as a sum which is payable for the support of children of the payor spouse. Sec. 71(c)(1) (flush language). If any amount specified in the instrument will be reduced on the happening of a contingency specified in the instrument relating to a child or at a time that can clearly be associated with such a contingency, an amount equal to the amount of the reduction will be treated as an amount fixed as payable for the support of children of the payor spouse. Sec. 71(c)(2); Berry v. Commissioner, T.C. Memo. 2005-91. Some of the contingencies listed in subparagraph (A) of section 71(c)(2) include attaining a specific age, marrying, dying, or leaving school.

Petitioner agreed at trial that payments made for child support are not deductible. Petitioner's only argument in support of his position is that the stipulation is a legal document prepared by attorneys that authorizes a "tax exemption benefit for non-modifiable family support" for petitioner.

The stipulation expressly provides that petitioner's family support obligation "shall cease" upon any one of a number of possible contingencies centering upon his youngest child's either reaching a certain age, completing high school, marrying, joining the military, or passing away. It is clear from the stipulation that petitioner's family support obligations are for the benefit of his children.[1] Petitioner's entire family support obligation is a fixed amount payable for the support of his children. See sec. 71(c)(2). Therefore, petitioner is not allowed an alimony deduction for family support payments for 2007. Respondent's determination is sustained.

We have considered the parties' arguments, and, to the extent not mentioned, we conclude the arguments to be moot, irrelevant, or without merit.

To reflect the foregoing,

Decision will be entered

for respondent.

---

[1]The Court notes that petitioner's former wife specifically waived spousal support under the terms of another section of the stipulation.